**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| QUINCY LAJAMES JONES NELSON, § § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO.  5:19-CV-00172-RWS-CMC |
| DIRECTOR, TDCJ-CID, § § § | |
| Defendant. § | |

## ORDER

Petitioner Quincy LaJames Jones Nelson, an inmate currently confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

The Magistrate Judge issued a Report and Recommendation (Docket No. 7), recommending the petition be denied as untimely.  Nelson received the report on January 31, 2020, and the Court extended his deadline to file objections to March 26, 2020.  Docket No. 11.  On April 24, 2020, Nelson requested the status of the case and the Court mailed him a docket sheet the same day.  Docket No. 12.  However, Nelson has not filed any objections to the report.

Because no objections to the Magistrate Judge's Report have been filed, neither party is entitled to *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon grounds of plain error, they are barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District

Court.  28 U.S.C § 636(b)(1)(C); *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the motion and the Magistrate Judge's report and agrees with the report.  *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants.' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).

Additionally, Nelson is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the movant need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483–84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280–81  (5th Cir. 2000).

Here, Nelson has not that shown that any of the issues raised by his claims are subject to debate among jurists of reason.  In addition, the questions presented are not worthy of

encouragement to proceed further.  Nelson has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  A certificate of appealability will not be issued.

It is accordingly

**ORDERED** that the Magistrate Judge's report (Docket No. 7) is **ADOPTED** as the opinion of this Court and Nelson's petition for writ of habeas corpus is **DENIED.**  It is further

**ORDERED** that all motions not previously ruled on are **DENIED AS MOOT**.

**So ORDERED and SIGNED this 8th day of June, 2020.**

*[signature: Robert W Schroeder III]*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE